**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Javier FERREIRA, Defendant—
Appellant.**

**No. 02–50190.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 9, 2004.

Decided July 9, 2004.

Jessica Dunsay Silver, Attorney, Karl N. Gellert, Esq., Department of Justice, Civil Div.,Appellate Staff, Washington, DC, Robert J. Keenan, Esq., Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Terri A. Law, Esq., Beverly Hills, CA, for Defendant–Appellant.

Before: TROTT, RYMER, and THOMAS, Circuit Judges.

### MEMORANDUM *

Javier Ferreira appeals his conviction and sentence under 18 U.S.C. §§ 242 and 2(b) for willfully depriving inmate Arrow Stowers of his constitutional right to be free from excessive force under color of law, and under 18 U.S.C. § 1001 for making false statements to FBI officers. The

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sole issue is whether there was sufficient evidence to find that Ferreira specifically intended for inmate David Gill to inflict unreasonable force upon Stowers. We believe that there was, and affirm.

"There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Duran*, 189 F.3d 1071, 1078 (9th Cir.1999) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). Here, the evidence shows that Stowers was being loud but otherwise posed no threat. Ferreira asked Gill to go into Stowers's cell to quiet him down, told Gill that the cameras were off, yelled for the cameras to be turned off, repeated the point when Gill reported that Stowers would not be quiet, and stood by while Gill went back into the cell and hit Stowers several times. Gill understood from what Ferreira said that Ferreira wanted him to rough Stowers up. Another inmate overheard Ferreira say that the cameras were turned off, and then heard sounds from Stowers's cell that sounded like fighting. Afterwards, Ferreira told Gill he would not get into trouble, and told others that Stowers had fallen despite injuries that were consistent with a beating. The cameras were in fact turned off and there was no video coverage of the detox cell. Based on this evidence a reasonable juror could find beyond a reasonable doubt that Ferreria had the specific intent to deprive Stowers of his constitutional right to be free from the excessive use of force. *See United States v. Reese*, 2 F.3d 870, 881, 885 (9th Cir.1993) (noting that § 242 requires specific intent to use more force than necessary under the circumstances). This is so regardless of whether Gill had lied about his involvement during the investigation, or whether James Smith, another guard on duty, changed his story, because both testified at trial and their credibility was for the jury to determine.

AFFIRMED.